**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2016
_____

YAOVI NOULEDO,
                              Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A062-342-118)
Immigration Judge: Walter A. Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 23, 2019

Before:  MCKEE, COWEN, and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 10, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Yaovi Nouledo petitions for review of his final order of removal. We will deny the petition.

I.

Nouledo is a citizen of Togo who entered the United States as a lawful permanent resident in 2012. He has since been convicted of two crimes, but only one of them is relevant here. In 2016, Nouledo was convicted of indecent exposure to a person less than 16 years old in violation of 18 Pa. Cons. Stat. § 3127(a) and (b).[1] On the basis of that conviction, the Government charged Nouledo with removability for, inter alia, having been convicted of a "crime of child abuse" under 8 U.S.C. § 1227(a)(2)(E)(i). The Immigration Judge ("IJ") sustained the charge.

Nouledo applied for asylum, withholding of removal, and relief under the Convention Against Torture. His testimony in support of his applications was not entirely clear. In general, however, he claimed to fear persecution and torture in Togo on account of his political beliefs. In particular, he claimed that he participated in a coup in Togo in 2005 and that authorities detained and tortured him for five days as a result until he fled to Benin, where he lived before coming to the United States.

The IJ denied Nouledo's applications. The IJ concluded that Nouledo failed to corroborate his claim of having been persecuted and tortured in the past but that, even if

---

[1] Subsection (a) defines the crime of indecent exposure, and subsection (b) is a grading provision that makes indecent exposure a first-degree misdemeanor only if the victim was less than 16 years old. Nouledo's record of conviction shows that he pleaded guilty to and was sentenced for a first-degree misdemeanor under this statute. (A.252-53, 255.)

he had, the Government met its burden to show changed circumstances in Togo because the incident occurred 12 years ago and the 2016 country report states that there were no reports of political prisoners or detainees or of governmental torture. For the same reason, the IJ concluded that Nouledo failed to show that he had a well-founded fear of future persecution or that he likely faced persecution or torture in the future. Thus, the IJ ordered Nouledo's removal to Benin and, in the alternative, to Togo.

Nouledo appealed to the Board of Immigration Appeals ("BIA"), which dismissed his appeal on the merits essentially for the reasons given by the IJ. Nouledo now petitions for review.[2]

## II.

On review, Nouledo has not raised any specific challenge to any of the BIA's rulings and the arguments that he does raise are largely inapposite. Nevertheless, we will liberally construe his pro se brief as raising three issues. Each lacks merit.

First, Nouledo challenges the BIA's ruling that his criminal conviction renders him removable. The BIA, however, properly concluded that Nouledo's conviction of indecent exposure to a person less than 16 years old in violation of 18 Pa. Cons. Stat. § 3127(a) and (b) constitutes a removable "crime of child abuse" under 8 U.S.C. §

---

[2] The Government removed Nouledo to Togo while this petition was pending, but his removal does not render it moot. See Pieschacon-Villegas v. Att'y Gen., 671 F.3d 303, 309 n.5 (3d Cir. 2011). Thus, we have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review factual determinations for substantial evidence and will not disturb them unless the evidence compels a contrary conclusion. See Uddin v. Att'y Gen., 870 F.3d 282, 289 (3d Cir. 2017). We review legal issues de novo. See id.

1227(a)(2)(E)(i). The BIA has broadly defined a crime of child abuse to include "[a]ny offense involving an intentional, knowing, reckless, or criminally negligent act or omission that constitutes maltreatment of a child or that impairs a child's physical or mental well-being." *In re Velazquez-Herrera*, 24 I. & N. Dec. 503, 512 (BIA 2008). This Court has recognized that the phrase child abuse "is meant to address conduct that is criminal," and therefore has found it "appropriate to define the phrase 'child abuse' under the INA to capture conduct that poses a particular likelihood of harm to the child.*" Zhi Fei Liao v. Att'y Gen.,* 910 F.3d 714, 721 (3d Cir. 2018).

A conviction under 18 Pa. Cons. Stat. § 3127(a) and (b) categorically qualifies. Under that statute, "[a] person commits indecent exposure if that person exposes his or her genitals in any public place or in any place where there are present other persons under circumstances in which he or she knows or should know that this conduct is likely to offend, affront or alarm." 18 Pa. Cons. Stat. § 3127(a). Exposing one's genitals to a child under such circumstances undoubtedly "impairs a child's . . . mental well-being." Mondragon-Gonzalez, 884 F.3d at 158-59. And a conviction for doing so satisfies the BIA's mens rea requirement because such a conviction requires at least criminal negligence. See 18 Pa. Cons. Stat. § 302(a), (b)(4); see also 18 Pa. Cons. Stat. § 302, Jt. St. Govt. Comm. Comment—1967 ("'Negligently,' as used in Subsection (b)(4), is intended to mean criminal negligence.").

Second, Nouledo challenges the denial of his applications for relief. The BIA's rulings on those applications, however, is supported by substantial evidence. Nouledo

4

claims to fear persecution and torture in Togo on the basis of his political activities there over 12 years ago. The BIA concluded that the record did not support his claim, and our review of the record does not compel a contrary conclusion. In particular, the 2016 Human Rights Report for Togo states that "[t]here were no reports the government or its agents committed arbitrary or unlawful killing" (A.272), "[t]here were no reports of politically motivated disappearances" (id.), "there were no reports that government officials employed [torture]" (A.273), and "[t]here were no reports of political prisoners or detainees" (A.277).

Finally, Nouledo argues that various equitable factors, such as his family ties to the United States, weigh against removal. As the BIA explained, however, Nouledo was not eligible for any relief on the basis of such considerations. In particular, Nouledo was not eligible for a hardship-based waiver under 8 U.S.C. § 1182(h) (Immigration and Nationality Act § 212(h)) because that section does not permit the waiver of removability under 8 U.S.C. § 1227(a)(2)(E)(i). See 8 U.S.C. § 1182(a)(2). Nouledo also did not argue before the Agency and has not argued before us that he was eligible for cancellation of removal. He was not because he had not accrued seven years of continuous residence following his admission. See 8 U.S.C. § 1229b(a)(2).

### III.

For these reasons, we will deny Nouledo's petition for review.